IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ACM PALMYRA CFL, LLC<br>Plaintiff<br>vs<br>BENITO ORTIZ-BAEZ, his wife YANIRE VAZQUEZ-GREEN, and their conjugal partnership<br>Defendants | CIVIL 12-1047CCC |

## DEFAULT JUDGMENT

Upon plaintiff's application for judgment (**docket entry 16**), and it appearing from the records of the above-entitled cause that default was entered by the Clerk of this Court against defendants for their failure to plead or file an answer to the complaint, or otherwise appear in the above cause against which defendants, plaintiff is entitled to a judgment by default, and the Court being fully advised of the facts,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. The mortgage constituted by defendants securing a mortgage note payable to the order of R&G Premier Bank of Puerto Rico, further negotiated or endorsed to the order of plaintiff, is a valid and subsisting mortgage and constitutes a lien prior to the estate or interest of defendants in the above cause, on the mortgaged premises, as described below.

2. Defendants, as debtors under said note and as present owners of the land and buildings mortgaged, are hereby ordered and adjudged to pay unto plaintiff the sum of $101,192.81 in principal, $6,954.45 in accrued interest as of April 30, 2012, which continue to accrue at 6.375% per annum until payment in full, accrued late charges, and any disbursements made by plaintiff on behalf of defendant in accordance with the mortgage deed, plus costs, and $11,000.00 in attorney's fees.

CIVIL 12-1047CCC                                       2

3.      In default of the payment of those sums or of any part of them, within ten (10) days from the date of entry of this judgment, the following mortgaged property, described in the Spanish language, shall be sold at public auction to its highest bidder, without an appraisal or right of redemption for the payment of plaintiff's mortgage within the limits secured by it:

>   ---**URBANA:** Solar radicado en la urbanización Las Mercedes, situado en el Barrio Pueblo del término municipal de Salinas, Puerto Rico, que se describe en el plano de inscripción de la urbanización con el número, área y colindancias que se relacionan:  Solar número setenta y dos (#72); área del solar: trescientos siete punto cincuenta y uno (307.51) metros cuadrados. En lindes por el NORTE, en veintitrés (23.00) metros, con el solar número setenta y tres (#73) de dicha urbanización:  por el SUR, en veintitrés (23.00) metros, con el solar número setenta y uno (#71) de dicha Urbanización; por el ESTE, en trece punto treinta y siete (13.37) metros, con la calle número trece (#13) de dicha urbanización y por el OESTE, en trece punto treinta y siete (13.37) metros, con los solares número veintisiete (#27) y veintiocho (28) de dicha urbanización.
>
>   El inmueble antes descrito contiene una casa de vivienda de hormigón y bloques de hormigón de una sola planta con marquesina y balcón modelo sencillo construido de acuerdo con los planos y especificaciones aprobados por la Administración de Hogares de Agricultores del Departamento de Agricultura Federal, otras agencias gubernamentales y el comprador.
>
>   Inscrita al folio ciento quince (115) del tomo doscientos setenta y seis (276) de Salinas, finca número seis mil cuarenta y uno (6,041), Registro de la Propiedad de Guayama.

4.      Upon plaintiff's compliance with Fed. R. Civ. P. 53, the court may appoint a Special Master to conduct the sale, but the Special Master shall not proceed to carry out the said sale, or do anything in connection with it, until further order by this Court and under the form and conditions to be directed by the Court.

5.      The sale to be conducted by the appointed Special Master shall be subject to the confirmation of the Court, and the purchaser or purchasers of the property shall be entitled to receive its possession.  The minimum bid to be accepted at the first public sale in accordance with the mortgage deed is **$110,000.00**.

6.      Any funds derived from the sale to be conducted in accordance with the terms of this judgment and such further orders of the Court shall be applied as follows:

CIVIL 12-1047CCC 3

    (a)    To the payment of all proper expenses attendant upon the sale, including the expenses, outlays and compensation of the Special Master; after the compensation and expenses shall have been fixed and approved by the Court, all expenses shall be deducted from the sum provided in the deed of mortgage for costs, charges and disbursements, expenses and attorney's fees.

    (b)    To the payment of all expenses or advances made by the plaintiff.

    (c)    To the payment to plaintiff of the amount of $101,192.81 in principal, $6,954.45 in accrued interest as of April 30, 2012, which continues to accrue at the rate of 6.375% per annum until payment in full, accrued late charges, and any disbursements made by plaintiff on behalf of defendants in accordance with the mortgage deed, plus costs, and ten (10) percent in attorney's fees.

    (d)    If after making all those payments there is a surplus, it shall be delivered to the Clerk of the Court, subject to further orders of the Court.

    (e)    If after making all those payments there is a deficiency, plaintiff may seek further orders by the Court to collect the deficiency from defendants.

7.    Plaintiff may apply to the Court for such further orders, as it may deem advisable to its interests, in accordance with the terms of this judgment.

SO ORDERED AND ADJUDGED.

At San Juan, Puerto Rico, on August 28, 2012.

                                              S/CARMEN CONSUELO CEREZO
                                              United States District Judge